UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GOLDHABER RESEARCH ASSOCIATES,LLC,

                      **Plaintiff,**                      Civil No:06CV 13628 (SHS)
                                                                  ECF CASE
                    -against-                          COMPLAINT

TOMMY JACKS,LAURA RUTH JACKS AND
MARK GUERRERO, INDIVIDUALLY AND
d/b/a JACKS LAW FIRM AND BLIZZARD,
McCARTHY & NABERS,LLP.,

                      **Defendants.**

-------------------------------------------------------------X

      Plaintiff, by its attorney, Robert L.Cohen,Esq., complaining of defendants, respectfullly alleges:

### JURISDICTION & VENUE

      1. Plaintiff, Goldhaber Research Associates, LLC is a New York Limited Liability Corporation with its headquarters located at 800 Avenue of the Americas, New York, New York 10001.

      2.Upon information and belief, the defendants, Tyommy Jacks, Laura Ruth Jacks, and Mark Guerrero are attorneys, duly licensed to practice law in the State of Texas doing business under the name and style of Jacks Law Firm located at 1205 Rio Grande Street, Austin, Texas 78701.

      3.Upon information and belief, the defendant, Blizzard, McCarthy & Nabers, L.L.P., is a limited liability partnership, duly licensed to practice law in the State of Texas, with its principal

place of business located at 440 Louisiana, Suite 1710, Houston, Texas 77002.

4. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332, on the basis of diversity of citizenship, in that the plaintiff is a citizen, resident and domiciliary of the State of New York, with its principal place of business located in New York, New York and the defendants, are residents of the State of Texas with their principal places of business located in the State of Texas, and the matter in controversy exceeds the sum of $75,000.00, exclusive of the costs and disbursements of this action.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Section 1391(a), in as much as defendants transacted business in New York, New York; and much of the negotiations and transactions forming the underlying basis for the within claims occurred within the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-5 and though fully set forth herein at length.

7. Heretofore, between March 1, 2005 and August 31, 2006, plaintiff rendered to the defendants services upon the express request of the defendants in the nature of providing expert services for VIOXX litigation.

8. By reason thereof, there became justly due and owing to plaintiff the agreed sum of $20l,368.47, no part of which has been paid, except the sum of $37,722.25, leaving a balance of $163,646.22.

9. Despite due demand, defendants have failed to make payment to plaintiff and the entire aforementioned sum of $163,646.22, remains outstanding.

## AS AND FOR A SECOND CAUSE OF ACTION

`        10. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-9 as though fully set forth herein at length.

11. Plaintiff duly rendered invoices and statements detailing the balance due and owing and giving credit for any monies paid or other credits due from defendants.

12. Said statements and invoices were delivered to and retained by said defendants without objection or protest.

13. Said statements and invoices constitute an account stated.

14. Plaintiff duly demanded payment of the agreed upon sum of $163,646.22, and no part thereof has been satisfied by defendants.

## AS AND FOR A THIRD CAUSE OF ACITON

15. Plaintiff repeats and realleges each and every allegation contained in paragrahs 1-14 as though fully set forth herein at length.

16. As a result of the foregoing and as a result of rendering of certain services by plaintiff heretofore alleged, defendants have been unjustly enriched to the detriment of and at the expense of plaintiff in the amount of $163,646.22, and plaintiff has been damaged thereby.

**WHEREFORE,** Plaintiff, respectfully demands judgment against the Defendants as follows:

1. Damages in the sum of $163,646.22, plus interest from March 1, 2005, together

with costs and disbursements of this action; and

    2. For such other and further relief as this Court deems just and proper.

Dated; New York, New York
    December 1, 2006

_____
ROBERT L. COHEN, ESQ.
Attorney for Plaintiff (#8144)
1350 Broadway, Suite 2500
New York, New York 10018
212-736-6800